IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | C O M P L A I N T |
| GRAVLEE'S SONIC OF NEW IBERIA, INC. D/B/A SONIC DRIVE-IN, | § § § | JURY TRIAL DEMAND |
| Defendant | § § | |

_____

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shanna Proctor who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, Defendant discriminated against Ms. Proctor in violation of the Americans with Disabilities Act of 1990 by refusing to hire her because of her disability of significant speech impediment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed in New Iberia, Louisiana, which is within the jurisdiction of the United States District Court for the Western District of Louisiana, Lafayette Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. "§ 2000e-5(f)(1).

4. At all relevant times, Defendant, Gravlee's Sonic of New Iberia, Inc. d/b/a/ Sonic Drive-In (the "Defendant Employer"), has continuously been a Louisiana corporation doing business in the State of Louisiana and the City of New Iberia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Shanna Proctor filed a charge with the Commission alleging violations of Title I of the ADA by the Employer. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least October 31, 2006, Defendant Employer engaged in unlawful employment practices at its drive-in restaurant located in New Iberia, Louisiana, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a). On that day, Shanna Proctor applied for a job as a car hop and during her interview also expressed interest in a cook position in Defendant's New Iberia restaurant. Despite Ms. Proctor's qualifications for employment, which included previous related work at a McDonald's, the Defendant Employer's assistant manager refused to hire Shanna Proctor because of her disability of speech impediment. This same manager offered a job to a friend of Ms. Proctor's who had applied at the same restaurant at the same time; but the same manager refused to hire Ms. Proctor, indicating as her reason that Ms. Proctor would have problems speaking to customers because of her speech impediment. This same manager also refused to consider Ms. Proctor for any other available position because of her speech impediment and never engaged in an interactive process with Ms. Proctor to ascertain whether a reasonable job accommodation could be provided to her.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive Shanna Proctor of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10.    The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Shanna Proctor.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants and employees on the basis of a disability in violation of the ADA.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Shanna Proctor, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Shanna Proctor by providing compensation for any past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Shanna Proctor by providing compensation for her past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including losses for the embarrassment, humiliation and depression that she suffered due to the Defendant Employer's refusal to hire her because of her disability, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Shanna Proctor and the United States government punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

```
                        JAMES L. LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel

                        JIM SACHER
                        Regional Attorney
                        La. Bar Roll No. 14888
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        HOUSTON DISTRICT OFFICE
                        Mickey Leland Federal Building
                        1919 Smith Street
                        7th Floor
                        Houston, Texas 77002-8049
                        Tel: (713)-209-3398
                        Telefax: (713)-209-3402

                        _____

                        Senior Trial Attorney
                        La. Bar Roll No.
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        New Orleans Field Office
                        1555 Poydras Street, Suite 1900
                        New Orleans, LA  70112
                        Tel: (504) 595-2870 (Main)
                            (504) 595-
                        Fax:    (504) 595-2886
                        Email: xxx@eeoc.gov
                        COUNSEL FOR PLAINTIFF
```